WRIGHT, J.
To sustain a suit for a malicious’ prosecution, the plaintiff must aver and prove that the prosecution of which he complains, is legally at an end. The plaintiff, in the case before us, seeks to satisfy this requisite, by alleging that the examining justice, who, when first acting on the complaint, adjudged the ground sufficient, and recognized the accused to appear at court, to answer the charge, afterwards changed his opinion, refused to return the recognizance, gave notice to the prosecutor, and discharged the accused. It is by law made the duty of the justice, if he recognizes a party to answer to the complaint, to return the recognizance, with a transcript of his proceedings, to. the clerk of the Court of Common Pleas, or to the attorney for the state in the county, without unnecessary delay, 29 O. L. 197. After the justice, acting as an examining magistrate, has recognized a party, he has expended his entire power over the case, and can no more interfere with it, and if he do so, as in the case before us, his acts are null and void. The notice to the complaining party, and his neglect to prosecute, does' not make the justice’s discharge valid. The party accused, however, can, if he choose, obtain his discharge, by application to the Court of Common Pleas, and when that is done, may sue, the prosecution being then at an end.
The demurrer is sustained.